UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN- SOUTHERN DIVISION

WHITNEY JEAN LAROSE,

    Plaintiff

-vs-                                      Case No.
                                          Hon.

GENERAL INFORMATION SERVICES, INC.

    Defendant

## COMPLAINT & JURY DEMAND

*Whitney Jean LaRose states the following claims for relief:*

### Introduction

1. Whitney Jean LaRose ("Ms. LaRose") brings this action against Defendant, General Information Services, Inc. ("GIS") to obtain relief for herself for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, et seq.

2. GIS operates a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis.

3. GIS maintains an extensive database of public records regarding consumers.

4. Ms. LaRose sought employment with Wal-Mart Stores, Inc. ("Wal-Mart") in February 2015.

5. The background check that GIS sold to Wal-Mart contained inaccurate information that disqualified her from the job.

6. GIS included a parental kidnaping conviction from 1997 that had been expunged in 2002.

7. Ms. LaRose alleges a claim under 15 U.S.C. § 1681e(b), which required that GIS use "reasonable procedures to assure maximum possible accuracy" in the publication of Ms. LaRose's consumer report.

8. GIS' failure to comply with these long standing requirements denied Ms. LaRose of her rights under the Fair Credit Reporting Act.

## Jurisdiction

9. Whitney Jean LaRose brings this lawsuit pursuant to 15 U.S.C. § 1681 *et seq.*

10. This action presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331 and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA").

11. All the allegations and claims in this complaint stem from the publication of a consumer report concerning Ms. LaRose by GIS for employment purposes.

12. Ms. LaRose was harmed by Defendant GIS' illegal conduct. Specifically, GIS harmed Ms. LaRose by reporting false and defamatory information about her. GIS' publication of that false and defamatory information about her to her prospective employer led her to lose a job. Ms. LaRose also suffered emotional distress as a result of GIS' illegal actions.

## Parties

13. Whitney Jean LaRose resides in Kalamazoo and is a citizen of Michigan.

14. Whitney Jean LaRose is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

15. The Defendant to this action is GIS, which is a "consumer reporting agency" as defined by the Fair Credit Reporting Act ("FCRA")15 U.S.C. § 1681a(f).

16. Venue is proper within the Western District of Michigan because the events described in this complaint transpired in Western Michigan within this district and GIS does business in this district.

**General Factual Allegations**

17. In February 2015, Ms. LaRose sought employment with Wal-Mart.

18. As part of its ordinary and regular business practices, Wal-Mart uses consumer reports to determine the eligibility of applicants for employment.

19. Wal-Mart requested that Ms. LaRose permit it to run a background check on her to determine her eligibility for employment.

20. Ms. LaRose consented to the background check.

21. Wal-Mart requested a background check provided by GIS concerning Ms. LaRose.

22. Wal-Mart accessed and used a background check provided by GIS concerning Ms. LaRose sometime in February 2015.

23. That background check constituted a "consumer report" for purposes of the FCRA.

24. That background check included public record information about a parental kidnaping conviction which was expunged in 2002.

25. Prior to the background check, Ms. LaRose alerted Wal-Mart that the kidnaping conviction may show up on her record, even though it was expunged.

26. Wal-Mart accessed and used the background check provided by GIS concerning Ms. LaRose sometime in February 2015.

27. In a letter dated February 19, 2015, GIS (on behalf of Wal-Mart) notified Ms. LaRose that it would be furnishing a background report with adverse public information to Wal-Mart, which was likely to have an adverse effect on her ability to obtain employment with Wal-Mart.

28. Enclosed in the February 19, 2015 letter was a copy of the consumer report and the FCRA

Summary of Rights.

29. Upon receiving a copy of the consumer report, Ms. LaRose learned that GIS included the expunged conviction.

30. In a letter dated February 27, 2015, GIS (on behalf of Wal-Mart) notified Ms. LaRose that she was no longer considered for the job due to the criminal history on her consumer report.

31. Based in part upon the conviction reflected in that consumer report, Walmart rejected Ms. LaRose's request for employment.

32. Ms. LaRose has suffered damages as a result of these events.

33. GIS failed to follow reasonable procedures to ensure the maximum possible accuracy of the report which it issued in violation of 15 U.S.C § 1681e(b).

## **COUNT I – Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.**

34. Ms. LaRose incorporates the preceding allegations by reference.

35. GIS violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure the maximum possible accuracy of the report it issued.

36. GIS wilfully violated the provisions of the FCRA, 15 U.S.C. § 1681n; alternatively GIS has negligently violated the provisions of the FCRA, 15 U.S.C. § 1681o.

37. Ms. LaRose suffered damages as a result of this violation of the FCRA.

## **Jury Demand**

38. Ms. LaRose demands trial by jury.

## **Request For Relief**

39. *For the reasons set forth above, Ms. LaRose requests that the Court Grant the following relief:*

a. *Actual damages for items including lost wages, lost employment opportunity, emotional distress, mental aguish, frustration, humiliation, and embarrassment.*

b. *Statutory damages in an amount to be determined at trial.*

c. *Punitive damages in an amount to be determined at trial.*

d. *Costs and attorney fees provided by statute.*

e. *Any other relief the Court deems just.*

Respectfully Submitted,

By:  s/ Priya Bali
Priya Bali (P78337)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
PH: (248) 208-8864
Priya@MichiganConsumerLaw.Com


Elizabeth Makohn (P68877)
Legal Aid of Western Michigan
201 W. Kalamazoo Ave., #427
Kalamazoo, MI 49007
PH: (269) 344-8113
ereece@legalaidwestmich.net

Attorneys for Plaintiff

Dated: February 17, 2017